ORIGINAL

# In the United States Court of Federal Claims

No. 15-1371C
(Filed February 19, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
HENRY BARRERA,                                *
                                              *
                                              *
                Plaintiff,                    *
                                              *
        v.                                    *
                                              *
THE UNITED STATES,                            *
                                              *
                Defendant.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

FILED
FEB 19 2016
U.S. COURT OF
FEDERAL CLAIMS

## ORDER

On February 5, 2016, plaintiff filed a motion requesting that the Court appoint, pursuant to 28 U.S.C. § 1915(e)(1), counsel to assist plaintiff with his case. While the government has not yet responded to this motion, Section 1915(e) does not authorize a court to "appoint" an attorney to represent an indigent litigant, but instead merely to "request" one to do so. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 300–09, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

The Court generally refrains from making such requests, which an attorney may feel leaves him no choice but to accept. The very concept of a branch of our national government compelling an attorney to represent a party without payment for his services is inimical to the purpose of our Court, which exists to ensure that citizens are compensated when the government takes or contracts for their property or services. In any event, when sought by a plaintiff in a civil matter who is unable to afford counsel, courts may appropriately involve themselves in the securing of counsel only in "extraordinary circumstances" with severe potential consequences— such as the danger of being civilly committed, *see Vitek v. Jones*, 445 U.S. 480 (1980) (plurality opinion in relevant part), or of losing custody of a child, s*ee Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18 (1981). Here, plaintiff's claim is for compensation, based on his treatment at Riker's Island, including an extended period of holding in an overcrowded "ball pen." Compensation claims by their nature fall short of the extraordinary circumstances justifying court-requested assistance.

Having failed to demonstrate the extraordinary circumstances that would make it appropriate for the Court to request that a lawyer represent him, plaintiff's motion is **DENIED**. Moreover, as discussed below, plaintiff's case also does not fall within the requirements for referral to the Court of Federal Claims Bar Association's pro bono referral program.

Plaintiff's motion has prompted the Court to review the papers plaintiff has filed in this case as well as the motion to dismiss the case filed by the government. Mister Barrera seeks $2,000,000 for compensation for "pain suffering, physical and mental anguish" due to New York City Department of Correction's failure to house him within 24 hours of his arraignment. Compl. ¶¶ 1–2. As a result, plaintiff slept on the floor of the crowded holding "ball pen" for five days and was denied medical attention for the same five days. *Id.* The government moved to dismiss plaintiff's complaint due to a failure to state a claim within this court's jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Mot. at 2–4. Plaintiff's claims concern the conduct of the New York City Department of Corrections and not the United States government.

This court has power to hear only cases brought against the United States government, primarily money claims based on grounds other than torts. See 28 U.S.C. § 1491. Mister Barrera's complaint contains no factual allegations concerning the United States government, much less anything related to our subject-matter jurisdiction (such as a federal contract or a money-mandating statute). Because the matters raised by Mr. Barrera are clearly outside of our court's jurisdiction, referral to the pro bono program would be futile.

This case is accordingly **DISMISSED**, under RCFC 12(b)(1), for lack of subject-matter jurisdiction. The Clerk's office shall close the case. In light of Mr. Barrera's confusion regarding the scope of our court's jurisdiction, and taking into consideration the minimal diversion of court resources entailed by this matter, the Court waives Mr. Barrera's filing fee.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge